[No. 7,567.—In Bank.]

# DAVID BIXLER v. THE BOARD OF SUPERVISORS OF THE COUNTY OF SACRAMENTO.

SWAMP LAND ASSESSMENT—BOARD OF SUPERVISORS—CERTIORARI.—Upon the petition of the trustees of a reclamation district the Board of Supervisors of Sacramento County made an order directing an additional assessment; but afterwards, upon the petition of parties interested, the order was vacated. The vacating order was annulled by the lower court upon *certiorari*.

*Held:* The Superior Court had no jurisdiction to review on *certiorari* the action of the Board of Supervisors in the matter complained of, as the same was not judicial in its nature, and the judgment must therefore be reversed.

ID.— ID. —*Held*, further: It is unnecessary to pass upon the question whether it was competent for the board in the exercise of functions, either ministerial or legislative, to set aside an order improvidently and perhaps unjustly entered; but the Court would feel much hesitation in holding that such power did not exist.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Sacramento. McFARLAND, J.

*John H. McKune, A. P. Catlin,* and *J. W. Armstrong,* for Appellant.-

The trustees of the district, having submitted the business in question to the jurisdiction of the appellant, the Board of Supervisors had a right in its discretion to allow the landholders a hearing. (*Burkett* v. *B. of S.,* 18 Cal. 702; *Tilden* v. *B. of S.,* 41 id. 72; *S. B. Co.* v. *Horsley,* 46 id. 108; Pol. C., § 4046, Subds. 26, 28.)

The appellant had jurisdiction upon a sufficient application made by the Trustees of Reclamation District No. 3, to make the original order, and this involves jurisdiction to set it aside, if wrong or void in its judgment, as we have seen. (*Comstock* v. *Clemens,* 19 Cal. 78; *Ketchum* v. *Crippen,* 37 id. 227; *Boggs* v. *Hargrave,* 16 id. 559; *Sanchez* v. *Carriaga,* 31 id. 172.)

*G. W. Gordon,* for Respondent.

The appellants, in setting aside the first order, acted outside of the statute, and without authority.

Section 3459 of the Political Code prescribes the powers and duties of the Board of Supervisors, and its provisions as to the particular method of procedure being a special authority, the mode becomes the measure of the power. (*Cowell* v. *Martin,* 43 Cal. 614.) And anything done in excess or outside that authorization is null and void. (*Dorsey* v. *Barry,* 24 id. 453.)

Counsel for appellants having admitted that the subject-matter under investigation was judicial in its character, and the Board of Supervisors having, in due course, acted as the statute required, upon the statement, the board exhausted its powers, and could not review or vacate their previous order. (*Dorsey* v. *Barry,* 24 Cal. 452–454; *People* v. *Board of Supervisors,* 35 Barb. 418–422; *People* v. *Delaware Common Pleas,* 18 Wend. 558; *Winter* v. *Fitzpatrick,* 35 Cal. 269; *O'Conner* v. *Blake,* 29 id. 316; *Harris* v. *Board of Supervisors,* 49 id. 662; *Matter of Canal St.,* 11 Wend. 154; *Matter of Mt. Morris Square,* 2 Hill, 19; *Pettee* v. *Wilmarth,* 5 Allen, 144.)

If the original order of June 9th was void, in the extreme sense, that it could be collaterally attacked, because the petition on which it is based was jurisdictionally defective, still, we submit that the Board of Supervisors have no power, either under the statute or general principles of the common law, to set it aside.

The following authorities sustain our position that though the first judgment were void, the error can not be righted by a usurped authority in the tribunal which once had power to determine the matter correctly: *Bell* v. *Thompson*, 19 Cal. 708; *Winters* v. *Fitzpatrick*, 35 id. 269; *Bank of U. S.* v. *Moss*, 6 How. (U. S.) 37; *Peake* v. *Redd*, 14 Mo. 83; *The People* v. *Board of Supervisors*, 35 Barb. 416–423; *Dorsey* v. *Barry*, 24 Cal. 453; *People* v. *Del. Com. Pleas*, 18 Wend. 558; *Pettee* v. *Wilmarth*, 5 Allen, 144; *Hupert* v. *Anderson*, 35 Iowa, 578.

MORRISON, C. J.:

David Bixler presented his petition in the Superior Court of Sacramento County, praying for a writ of *certiorari* to review the action of the above Board in vacating an order directing a supplemental assessment to be made in Reclamation District Number Three. The petition set out, that "on the ninth day of June, 1880, the Trustees of Reclamation District Number Three presented to and filed with the Board of Supervisors of Sacramento County a statement showing that the original assessment and all the further assessments levied on the lands of said district were insufficient to provide for the complete reclamation of the same, and that a further assessment was required to provide for the protection, maintenance, and repair of the reclamation works of the district, and also showing the work done, and to be done, with its estimated cost. That thereupon the Board of Supervisors proceeded to hear the same, and on that day made their order" directing an additional assessment of one hundred and eighty-one thousand two hundred and fifty-one dollars and forty-two cents, to complete the reclamation of lands within the district above named, and appointed three Commissioners to assess the above amount on the lands lying within the assessment district. The order was made by the Board

and was entered at length in its minutes and proceedings on the ninth day of June, 1880. The petition further shows, that afterwards, to wit, on the eleventh day of the same month, another petition was presented to the Board, on behalf of other parties, the owners of lands in Reclamation District Number Three representing to the Board that they had no notice of the application made by the Trustees, and further stating, that "no work of reclamation has been done, nor is there any in contemplation which will tend in the slightest degree to benefit or reclaim the lands in said district, for that the levees which will be or are of any use or benefit to the land owners were built years ago by the land owners, and were paid for by them, and there is no legal debt against said district," and praying that the order of June 9th be set aside. On receiving this second petition, the Board of Supervisors made an order vacating the order of June 9th, and setting the whole matter down for hearing for the twentieth of June.

On the foregoing facts the plaintiff based his application for a writ of *certiorari,* and on the twenty-second day of June the Superior Court of Sacramento County issued its writ as prayed for. On behalf of defendants a motion was made to quash the writ on numerous grounds, one of which, the third, was as follows: "Because the subject-matter sought to be brought into this Court for review, is not judicial in its character, and said Court has no jurisdiction over the same." The motion was denied, and such proceedings were had in the case that the order of the Board of June 11, 1880, was set aside and annulled, and from that judgment the appeal in this case is taken.

The first question that presents itself in this case is whether the action of the Board of Supervisors, in the matter of directing the supplemental assessment, the appointment of Commissioners, and the subsequent rescission of the order, are proper matters of review on *certiorari.* By Section 1068 of the Code of Civil Procedure, it is provided that "a writ of review (*certiorari*) may be granted by any Court, except a Police or Justice's Court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor in the judgment of the Court any plain, speedy, and

adequate remedy." "The officer or tribunal to whom the writ of *certiorari* is issued, must be an inferior officer or tribunal, exercising judicial functions, and the proceeding to be brought up for review must be a judicial proceeding. * * * The writ does not extend to a mere ministerial act or proceeding, though performed by a judicial officer." (*People* v. *Bush,* 40 Cal. 344.)

Was the appointment by the Board of Supervisors of three Commissioners to make an additional assessment in the reclamation district in question the exercise of a judicial function? The Board of Supervisors is vested with legislative, judicial, and executive powers (*People* v. *Supervisors of El Dorado County,* 8 Cal. 58; *Waugh* v. *Chauncey,* 13 id. 11); and it is only where the power exercised by the Board is in its nature judicial, that a writ of *certiorari* will lie to review and annul its proceedings. "There must be a distinct legislative authority for every tax that is levied. * * * The Legislature must originate the power to tax, and prescribe the rules under which taxes are to be levied, but the determination of the amount, even of a State tax, may be referred to some other authority. * * * The amount of the local taxes is determined in various ways: 1. In some cases they are fixed by the Legislature or under its direction; 2. In some cases they are determined by local boards, which exercise a *quasi* legislative authority," etc. (Cooley on Taxation, 244, 245.) "Special assessments are a peculiar species of taxation, standing apart from the general burdens imposed for State and municipal purposes, and governed by principles that do not apply generally." (Id. 416, 417.) These assessments are made for local improvements, such as grading streets, constructing sewers therein, draining swamps, marshes, and other low lands of stagnant water, etc., and the principle upon which they are levied is "that the territory subjected thereto will be benefited by the work." (*Litchfield* v. *Vernon,* 41 N. Y. 133.)

In the case of *Hagar* v. *The Board of Supervisors of Yolo County,* 47 Cal. 222, the Supreme Court held that "the Legislature has the constitutional power to provide for the reclamation of all the swamp and overflowed lands in this State, whether the title has been acquired under the Arkansas act

or from Mexican grants, and to assess the land reclaimed, to pay for the expenses incurred."

It results from what has already been said in this case, that the Superior Court had no jurisdiction to review on *certiorari* the action of the Board of Supervisors in the matter complained of, as the same was not judicial in its nature, and its judgment must therefore be reversed. It is unnecessary for us to pass upon the question whether it was competent for the Board, in the exercise of functions, either ministerial or legislative, to set aside on the eleventh of June an order improvidently, and, perhaps, unjustly entered on the ninth, but we would feel much hesitation in holding that such power did not exist.

In the case now before us it appears that upon an *ex parte* application an assessment of one hundred and eighty thousand dollars was ordered to complete a work, which, it appears, from a counter showing, had already been completed and paid for. If, in such a case, the action of the Board once taken becomes irrevocable, and all authority and control over the matter is thereafter lost, it is manifest that much injustice may be done.

Judgment reversed.

McKINSTRY, MYRICK, ROSS, THORNTON, SHARPSTEIN. and McKEE, JJ., concurred.