[S. F. Nos. 4173, 4174. In Bank.—May 26, 1905.]

## J. H. GLIDE, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF YOLO et al., Respondents.

INJUNCTION—POWER OF COURT OF EQUITY—INTERFERENCE WITH MUNICIPAL BOARD.—While a court of equity may interfere with and enjoin the action of a municipal corporation or board when acting or proposing to act in excess of jurisdiction and without authority, where the injury would be irreparable, it has no jurisdiction to interfere with or restrain its political or legislative or governmental acts within the scope of its powers.

ID.—PROHIBITION—ORGANIZATION OF RECLAMATION DISTRICT—LEGISLATIVE DISCRETION—EXCLUSIVE POWER OF SUPERVISORS.—The organization of a reclamation district is a legislative act, involving discretion; and the board of supervisors, after acquiring jurisdiction of an application therefor, has exclusive power to determine whether or not the lands therein are unreclaimed, and are the subject of independent reclamation. Prohibition will lie to prevent the superior court from proceeding with the trial of a suit to enjoin such board from acting on the application, on the alleged ground that the lands were reclaimed.

ID.—REMEDY BY APPEAL INADEQUATE.—In such case, the court having no jurisdiction to prevent a legislative act by a municipal corporation, an appeal following the delay, trouble, and expense of the trial of a question of fact over which the court has no jurisdiction is not an adequate remedy which will preclude the remedy by prohibition.

APPLICATION for Writ of Prohibition to the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and A. C. Huston, for Petitioner.

George Clark, and Devlin & Devlin, for Respondent.

HENSHAW, J.—This is an original application to prohibit the superior court of the county of Yolo, and Francis Dwyer, from proceeding further in the trial of a certain action brought by Dwyer against petitioner, Glide, and the board of supervisors of the county of Yolo.

In April, 1903, the petitioner, Glide, presented to the board of supervisors of the county of Yolo a petition in due form for the formation of a reclamation district out of a tract of land belonging entirely to him, and situated within the limits of reclamation district No. 307. The board made its order, fixing the time and place for the hearing of the petition, and the petition and order were duly published for the period prescribed by law before the time fixed for the hearing. At the hearing Francis Dwyer appeared and asked for a postponement, which request was granted, and the hearing was regularly continued until May 8, 1903. Before the matter came up again for hearing, Francis Dwyer, as plaintiff, commenced an action in the superior court of the county of Yolo to restrain the board of supervisors from acting on the application of the petitioner, and procured a temporary injunction. The superior court of the county of Yolo set the case of Dwyer *v*. Snider et al. for trial upon the twenty-fifth day of November, 1904, at which time the board of supervisors and this petitioner objected to the introduction of any evidence to the effect that the lands in reclamation district No. 307 were reclaimed, on the ground that the court had no jurisdiction to hear or determine that question, because jurisdiction so to hear and determine was exclusively vested in the board of supervisors. The court overruled the objection, holding that it had jurisdiction to hear and determine the matter, and that it had power to enjoin the supervisors in the event that it should be of opinion that the lands were in fact reclaimed, and it announced that it would proceed with the trial of the

action under this expressed view of the law and of its powers. The defendant Glide then made application to this court to prohibit the superior court of Yolo County from proceeding further with the trial.

Against this petition respondents urge that if, in any conceivable case, the superior court would be justified in enjoining the action of the board of supervisors, this application must be denied. Such, however, is not the law. Courts of equity do interfere, and are justified in their interference, in cases where municipal corporations or inferior boards or tribunals are acting, or proposing to act, in excess of their jurisdiction and without authority. But, upon the other hand, such courts will not attempt to restrain the political or legislative or governmental acts of such corporations or boards when acting within the legitimate scope of their powers. It is therefore no answer to petitioner's application to say that because, in some instances, courts of equity enjoin the proceedings of an inferior tribunal, that in no instance, therefore, will a higher court stay the hand of a court of equity which is undertaking so to do. Says High (Injunctions, sec. 1309): "In applications for relief by injunction against the acts of public officers, the determining point is ordinarily whether they are acting within the scope of their authority, and while equity will not interfere while such officers are acting within the authority conferred upon them by law, to determine whether their action is good or bad, yet, if they assume powers over property which do not belong to them, and infringe upon or violate the rights of citizens under pretense of such assumed authority, equity has jurisdiction to interfere for the protection of the citizens. . . . It is important to observe that courts of equity do not interfere by injunction for the purpose of controlling the action of public officers constituting inferior quasi-judicial tribunals such as boards of supervisors, commissioners of highways and the like, on matters properly pertaining to their jurisdiction; nor will they review and correct errors in the proceedings of such officers, the proper remedy, if any, being at law by writ of certiorari." (Id., sec. 1311.) "Delicate and interesting questions have frequently arisen touching the extent to which the judiciary may interfere with the executive department of the government, either state or national, and the jurisdiction of

equity to enjoin the acts of officers whose duties partake of an executive or quasi-executive character. The true test in all such cases is as to the nature of the specific act in question, rather than as to the general functions and duties of the officers. If the act which it is sought to enjoin is executive instead of ministerial in its character, or if it involves the exercise of judgment and discretion upon the part of the officer as distinguished from a merely ministerial duty, its performance will not be prevented by injunction." (Id., sec. 1326.) In *Alpers* v. *San Francisco*, 32 Fed. 503, Mr. Justice Field, discussing the same matter, says: "The same exemption from judicial interference applies to all legislative bodies, so far as their legislative discretion extends. Municipal corporations are the instrumentalities of the state for the more convenient administration of local affairs, and for that purpose are invested with certain legislative power. In the exercise of that power, upon the subjects submitted to their jurisdiction, they are as much beyond judicial interference as the legislature of the state. The courts cannot in the one case forbid the passage of a law nor in the other the passage of a resolution, order, or ordinance. If by either body the legislature or the board of supervisors, an unconstitutional act be passed, its enforcement may be arrested. The parties seeking to execute the invalid act can be reached by the courts, while the legislative body of the state, or of the municipality, in the exercise of its legislative discretion, is beyond their jurisdiction. The fact that in either case the legislative act threatened may be in disregard of constitutional restraints, and impair the obligation of a contract, as alleged in this case, does not affect the question. It is legislative discretion which is exercised, and that discretion, whether rightfully or wrongfully exercised, is not subject to interference by the judiciary." *Alpers* v. *San Francisco* was reviewed and affirmed by the supreme court of the United States in the recent case of *McChord* v. *Louisville*, 183 U. S. 495. In consonance with these utterances are the decisions of our own state in *Fall* v. *County of Sutter*, 21 Cal. 237; *McBride* v. *Newlin*, 129 Cal. 36; *Barto* v. *Supervisors*, 135 Cal. 494. Finally, it may be added that this principle, of which exposition has thus been made, is crystallized in the language of section 3423 of the Civil Code, which declares that an

injunction cannot be granted: "7. To prevent a legislative act by a municipal corporation."

It becomes necessary, therefore, to consider whether or not jurisdiction is vested in the board of supervisors to determine whether or not the lands in the district are unreclaimed, and whether or not the lands sought to be set apart are subject of independent reclamation. The provisions of title VIII, chapter 2, of the Political Code answer these questions absolutely in favor of the board of supervisors. In that title is prescribed the manner of proceeding to obtain title to swamp lands,—the organization, the division of swamp-land reclamation districts, and all other matters affecting their affairs; and by the provisons of that title the determination of all questions of fact relative to the organization and division of these reclamation districts is confided to the board of supervisors. Section 3446 et seq. set forth the plan for the formation of such districts. Section 3481 provides that in case the owners of lands within the limits of a reclamation district desire to have the same set off, they must, "in addition to the petition required by section 3446, show to the board that the said body of lands is capable of independent reclamation." And that the setting-off or formation of a reclamation district is a legislative act, and is referable solely to the legislative department of the government, has been frequently decided. (*Williams* v. *Supervisors,* 65 Cal. 160; *Bixler* v. *Supervisors,* 59 Cal. 698; *People* v. *District No. 108,* 53 Cal. 346; *Reclamation Dist.* v. *Gray,* 95 Cal. 601; *Reclamation Dist.* v. *Silver,* 98 Cal. 53; *People* v. *Levee Dist.,* 131 Cal. 30.) When a petition is filed by the board of supervisors, as provided by section 3481, and the notice given as prescribed by section 3447, the board of supervisors acquires jurisdiction to act upon the petition. It appears, therefore, that jurisdiction over this matter, political and legislative in its nature, has been vested in the board of supervisors. Being so vested, the courts are powerless to interfere or restrain the exercise of this political legislative power. Says Judge Cooley (Const. Limitations, 3d ed., p. 168): "The moment a court ventures to substitute its own judgment for that of the legislature in any case where the constitution has vested the legislature with power over the subject, that moment it enters upon a field where it is impossible to set limits to its authority, and where its discre-

tion alone will measure the extent of its interference. The rule of law upon this subject appears to be, that, except where the constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights of the people of the state, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but the courts cannot assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the constitution. It cannot run a race of opinions upon points of right, reason, and expediency with the lawmaking power. Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being *prima facie* valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the constitution, and the case shown to come within them." (See, also, *County of San Mateo* v. *Coburn,* 130 Cal. 631; *Wulzen* v. *Supervisors,* 101 Cal. 15; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94; *Farmers' Bank* v. *Board, etc.,* 97 Cal. 318.)

We have said that no doubt can be entertained but that the jurisdiction over these matters is primarily vested with the board of supervisors, and that so long as the board is, as here, acting within the scope of its jurisdiction, judicial interference with its proceedings is improper and cannot be tolerated. In confirmation of the views here expressed reference may be made to the case of *Rice* v. *Snider et al.* (No. 13,681, Circuit Court of the United States for the Ninth Judicial Circuit), where this precise question in this identical case was presented to Circuit Judge Hunt, in an effort to invoke the aid of the federal courts to restrain the supervisors of Yolo County in this very proceeding. Judge Hunt, in refusing the petition for an injunction, after setting forth the principle that courts will not interfere by injunction with legislative action of a municipal corporation unless the proposed legislation is beyond the scope of the corporate power, and its

passage would under the circumstances work an irreparable injury, declared that under the law it was the duty ''of the board of supervisors alone to ascertain the fact whether the land is or is not reclaimed, and thereafter to exercise a judgment and discretion as may be proper and expedient. To hold that the lands are reclaimed would be to pass upon the disputed facts of the case; it would not be proper at this time; it would in effect be to control the action of the board of supervisors by injunction. But, as said, the ascertainment of · the fact rests with the board alone and does not affect their jurisdiction.''

It appears, therefore, from the undisputed facts in this case that the superior court of Yolo County has taken unto itself the determination of a question of fact, jurisdiction to determine which question of fact is in the first instance exclusively vested by law with the board of supervisors of Yolo County. Further, it appears that the superior court of Yolo County, as it shall determine the fact to be, will proceed to enjoin the board of supervisors in the performance of a legislative duty, the execution of which is made their sole province under the law. That the trial court is acting mistakenly in this particular does not admit of doubt.

The only question left in the case is whether or not the remedy, by prohibition from this court, is open to petitioner herein. We think it is. The writ will lie in cases where there is an attempt on the part of a court to assume jurisdiction to determine a matter whose determination belongs exclusively to another jurisdiction, or where there is no warrant in law for the court's assumption of jurisdiction. Under such a state of facts, and wherever it appears that an appeal does not afford an adequate and speedy remedy, the writ will issue. It was so ordered in *Siebe* v. *Superior Court,* 114 Cal. 551. There the superior court erroneously sought to try a proceeding without authority of law, in entertaining an accusation in writing against the petitioner for willfully undervaluing certain property. The accusation was brought under section 772 of the Penal Code. The defendant to the accusation appeared and objected to the jurisdiction of the court, as was done in the present case, and moved the dismissal for lack of jurisdiction. His objection being overruled and his motion

denied, the trial might have proceeded, and he could have obtained relief upon appeal, but he made application for prohibition to this court and prohibition was granted, this court holding that if the petitioner's motives were criminal he was not properly charged, and if the act was done in the ordinary course of official duty, without improper motive, it was one for which he was not amenable to the penal laws of the state. In *Hopkins* v. *Superior Court,* 136 Cal. 552, the court imposed as a condition on the right of plaintiff to dismiss the payment of defendant's costs. Here, of course, an appeal after trial would have cured the error of which plaintiff complained, but upon application to this court for prohibition it was held that the right of dismissal could not be thus qualified, and the trial court was prohibited from proceeding with the case, this court saying: "The plaintiff, under the circumstances, has no other plain, speedy, or adequate remedy than the one she here seeks. She would otherwise be obliged, submitting to the order, to undergo a trial of the action, which within her rights she has caused to be dismissed." In *Carter* v. *Superior Court,* 138 Cal. 150, there was an attempt by the superior court to determine an election contest between rival candidates, for the office of city treasurer of Santa Rosa. Notwithstanding the fact that an appeal was open to the injured party after trial, this court prohibited the superior court from proceeding with the trial of the contest upon the ground that the jurisdiction of the common council of Santa Rosa was exclusive, and that it was the proper tribunal to determine the matter. In *Hayne* v. *Justices' Court,* 82 Cal. 284,[1] it was held that where a court proceeds to trial against an express prohibition of a statute, its assumption of authority will be corrected by prohibition. So here it appears that the superior court is undertaking to enjoin the action of the board of supervisors in the performance of a duty, exclusive jurisdiction over which is vested in it by law, and this in direct opposition to the rule laid down in section 3423 of the Civil Code, that an injunction cannot be granted to prevent a legislative act by a municipal corporation. It follows, therefore, from what has been said that an appeal, following the delay, trouble, and expense of the

[1] 16 Am. St. Rep. 114.

trial of a question of fact over which the superior court has no jurisdiction, would, under the adjudicated cases, be no adequate relief to the petitioner herein, and that he is therefore entitled to the relief prayed for.

Let the writ of prohibition issue accordingly.

Lorigan, J., McFarland, J., and Van Dyke, J., concurred.

SHAW, J., concurring.—I concur in the opinion of Mr. Justice Henshaw, except the part thereof referring with approval to the decisions upon the question whether or not prohibition is the proper remedy.

The question whether or not the remedy by appeal is adequate is, even in cases where jurisdiction is plainly lacking, a matter resting in the sound discretion of this court upon the particular circumstances of each case. Upon such a question precedents are of little value, and I am not prepared to approve all the decisions cited upon that point.

The lack of jurisdiction in the injunction suit is properly put upon the ground that the superior court should not, in advance of legislative action, attempt to restrain or control the subordinate legislative body where it is proceeding according to the forms and in the mode prescribed by law.

I think it is proper to say further, that this decision should not be understood as going to the extent of holding that if private property rights are affected or destroyed by the formation of the new district out of a part of the old one, the preliminary decision of the board, in the proceeding to form the new district, that the land embraced therein had not been reclaimed, will be conclusive under all circumstances, or that such decision is not subject to review in an attack upon the proceedings in a proper case and upon proper grounds.

Angellotti, J., concurred with Shaw, J.

BEATTY, C. J., concurring.—I concur in the view of Justice Shaw regarding the effect of a finding by the board of supervisors in the proceeding instituted by Glide, that his lands have not been reclaimed. It does not necessarily follow from anything here decided that such a finding would be deemed conclusive for all purposes between him and other

landowners in the district, and there is perhaps no danger that the opinion of the court will be so construed. I think, however, it should be made very plain that we decide nothing more than this: that the superior court has no power to enjoin the board from acting upon the petition. When swamp lands within an established reclamation district have not been reclaimed, the board, upon a proper petition, supported by proofs satisfactory to them, is empowered to set off such lands in a separate district, and necessarily when a proper petition is filed they must decide preliminarily whether the case is one in which they are authorized to act. But the effect of a finding in favor of their jurisdiction upon the vested rights of others remains an open question. When the lands of a district are fully reclaimed the board has no power to exempt a portion of them from their share of the current expenses of the system by taking them out of the district, and a finding contrary to the fact that they have not been reclaimed is not necessarily conclusive, and certainly could not be deemed conclusive if its effect was to impair vested rights.

The reason why the law limits the power of the board to unreclaimed lands is sufficiently obvious. By completing the reclamation of the lands within a regularly organized district according to the plan of reclamation, each landowner acquires, under existing laws, valuable rights as against the others—and, among the rest, the right to demand from each a ratable contribution to operating expenses, i. e. the expense of pumping seepage and surface waters—if that is a part of the plan—and keeping the levees in repair. Can a board of supervisors destroy this right by deciding that lands are unreclaimed, when in fact they are fully reclaimed? I think the answer to this question is furnished by such cases as *Spring Valley Water Co.* v. *San Francisco*, 82 Cal. 286.[1] Vested rights of property and contract rights are placed by the constitution under the protection of the courts, where alone the questions of law and fact upon which they depend can be finally decided.

I concur in the judgment.

Rehearing denied.

[1] 16 Am. St. Rep. 116.