[S. F. No. 7271.    In Bank.—July 22, 1915.]

## C. E. HOPPING, Petitioner, v. THE COUNCIL OF THE CITY OF RICHMOND et al., Respondents.

MUNICIPAL CORPORATION—CITY OF RICHMOND—PROPOSED ORDINANCE TO ACQUIRE CITY HALL—APPLICABILITY OF INITIATIVE—LEGISLATIVE ACT.—A proposed ordinance of the city of Richmond having for its purpose the approval and acceptance of an offer in writing to convey to it certain lands in the city and to erect thereon, under plans to be approved by the city, at a specified cost, to be paid by the one offering the lands, a building adequate for a city hall, on condition that, upon the completion of the building, the city should occupy and use the same as its permanent city hall for not less than ten years, and further proposing to locate the city hall upon the premises and to declare that the city should, upon completion of the proposed building, occupy and use the same for a

city hall for the ensuing ten years, calls for the exercise of legislative powers of the city to which the initiative proceedings are applicable.

Id.—Extension of Offer—When Question not Moot.—In such a case where the original offer was extended, and the proposed ordinance and its conditions, if adopted, will be effective to accept the same, the question has not become a moot question by reason of the fact that the original limitation of time has expired. Nor did the extension of time convert it into a new offer or in any way affect the validity of the proposed ordinance if it should be carried by the people.

APPLICATION for a Writ of Mandate originally made in the District Court of Appeal for the First Appellate District to compel the Council of the City of Richmond and the officers of said City to call an election for submitting to the voters of said City for approval or rejection an ordinance, under the initiative provisions of the charter.

The facts are stated in the opinion of the court.

W. T. Kearney, Phil J. Strubel, and C. S. Hannum, for Petitioner.

Denson, Cooley & Denson, D. J. Hall, Stanley Moore, and Marcel E. Cerf, for Respondents.

SHAW, J.—This is an application for a writ of mandate to compel the council of the city of Richmond to call an election to submit to the electorate of the city a proposed ordinance, under the initiative provisions of the Richmond city charter, and the constitution. (Stats. 1909, p. 1277; Const. art. IV, sec. 1.) The case was submitted simultaneously with three other cases, having a similar title and numbered respectively 7270, 7272, and 7273.

It is admitted that the proceedings for such initiative election were regular and sufficient in form and that the initiative petition was sufficiently signed to require the calling of an election if the ordinance was of a character which required such action. The council was of the opinion that it was not within the scope of the initiative provisions of the charter or of the constitution, because, they believed the ordinance, if adopted, would not be an exercise of legislative powers of the city to which the initiative proceedings should be applied.

On May 9, 1914, John H. Nicholl made an offer in writing

to the city of Richmond to convey to it certain lands in said city and erect thereon, under plans to be approved by the city, at a cost of twenty-five thousand dollars, to be paid by himself, a building adequate for a city hall, on condition that, upon the completion of the building, the city should occupy and use the same as its permanent city hall for not less than ten years. The proposed ordinance purported to approve and accept said offer and to locate the city hall upon the premises and to declare that the city should, upon completion of the proposed building, occupy and use the same for a city hall for the ensuing ten years.

In the opinion in the other cases above referred to, this day filed, we fully considered the question arising in this case with regard to the character of a similar resolution of said council, and held it to be subject to the power of referendum as established by the constitution and the city charter. We held that such ordinances were exercises of legislative power within the meaning of the referendum provisions. The provisions of the constitution reserving the initiative power to the people of the cities are set forth in that opinion. So far as the question here presented is concerned, they are not materially different from those reserving the power of referendum. The conclusion in this case must, therefore, be the same as in that case. The only difference between the charter provisions relating to the initiative and those relating to the referendum is that in the former the word "resolution" is not used and the initiative can be invoked for ordinances only. This difference does not affect this application, since it proposes an ordinance and not a resolution. The reasoning of the opinion in the other cases controls the opinion herein. The election should have been called.

Upon the hearing our attention was called to the fact that, by the terms of the offer of Nicholl, it was to stand for only six months from its date, and it was urged that, by reason of that fact, the proceedings for the initiative have lapsed and that the application for *mandamus* has become a moot case. Thereupon petitioner offered and filed a supplemental petition showing that, prior to the expiration of the six months, the limitation upon the life of the offer was extended and that it does not expire until July 31, 1915. This fact is not disputed. The result is that the objection that the proceedings have lapsed is not well taken. The offer of May

9, 1914, which the proposed ordinance accepts, and with the conditions of which it proposes to comply, still remains in force and the ordinance, if adopted, will be effective to accept said offer. The extension. of time does not convert it into a new offer or in any way affect the validity of the proposed ordinance if it should be carried by the people.

Let the writ issue as prayed for.

Lorigan, J., Sloss, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.