JONES ET AL. V. CURRIER.

1. **Homestead:** CONVEYANCE TO STRANGER AND BY HIM TO WIFE: ABANDONMENT. The conveyance by a husband of his homestead to a stranger, who afterwards reconveys to the wife, must, in the absence of evidence that the purpose was simply to vest the title in the wife, be regarded as an abandonment of the homestead by the husband, although he does not cease to occupy it.

2. **Evidence:** ERROR IN EXCLUDING MUST AFFIRMATIVELY APPEAR. Where the record fails to show the grounds on which evidence was excluded, this court cannot say that there was error in excluding it. Error must affirmatively appear.

3. **Practice:** RIGHT TO DISMISS WITHOUT PREJUDICE: FINAL SUBMISSION: WHAT IS NOT. Before a case has been finally submitted, the plaintiff has the right to dismiss it without prejudice to a future action; (Code, § 2844;) and a case is not *finally* submitted when, after being once submitted, the court permits an amendment raising a new issue.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, MARCH 18.

ACTION in chancery to restrain the sale of certain land upon executions issued on judgments against plaintiff, Jones, on the ground that the land constituted plaintiff's homestead. After a trial, plaintiff's petition was dismissed. He and intervenors unite in an appeal to this court.

*Jewell & Shellito,* for appellants.

*E. E. Hasner* and *Daniel Smyser,* for appellee.

BECK, CH., J.—I. We suppose the circuit court held that the homestead, which plaintiff claims, had been abandoned by

1. HOME-STEAD: conveyance to stranger and by him to wife: abandonment.

him by the sale thereof, though he continued to occupy it until its reconveyance to his wife, and thereafter until her death. His occupancy continued until the commencement of this suit. We are not authorized to assume, in the absence of evidence, as plaintiff claims, that the conveyance by him was for the pur-

pose of vesting the title in his wife, and without any intention to abandon his homestead rights. Clearly, unless such purpose be shown, this conveyance would defeat the homestead.

II. After the case had been submitted to the court, the plaintiff asked and obtained leave to file an amendment to his petition, and then asked to dismiss the cause without prejudice, which was denied him. The correctness of the abstract as to these facts is not disputed. The plaintiff, as is shown in the abstract, filed an affidavit supporting a request to be permitted to introduce additional testimony in his behalf, which was refused. The statement of the abstract, as to these matters, is denied by defendants. These rulings are complained of by plaintiff.

III. As to the refusal of the court to permit the introduction of the evidence proposed by plaintiff, the record fails 2. EVIDENCE: to show the grounds of the ruling, and to disclose error in excluding must fully all facts upon which this action was had. affirmatively appear. Error does not appear affimatively. We cannot, therefore, declare that the court's ruling was wrong.

IV. As to the refusal of the court to permit plaintiff to dismiss his action without prejudice, we think the circuit 3. PRACTICE: court erred. The court had permitted the plaint-right to dismiss without iff to file an amended petition. This was, in prejudice: final submission: what is not. a new issue was, in fact, tendered by the amended petition, which was not filed for the purpose of conforming the pleadings to the proof, but to tender an issue upon a fact of which no proof had been offered. It cannot be said that, pending the submission of this issue, the cause had been *finally* submitted. The circuit court evidently considered that it had not been. We are authorized to presume that the first submission had been set aside in order to present the new issue to be tendered. The case being in that position, not having been finally submitted, the plaintiff had the right to dismiss his case without prejudice to a future action.

Code, § 2844. In refusing plaintiff's request for the dismissal of his petition without prejudice, the court erred.

The decree of the circuit court is reversed, and the cause is remanded for an order in the court below, dismissing the action without prejudice to the rights of any of the parties.

REVERSED.