[Civ. No. 1119.   Second Appellate District.—May 3, 1912.]

FRANK CRAYCROFT, JR., Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF KERN, and HON. J. W. MAHON, Judge of Said Superior Court, Respondents.

STATE SCHOOL LANDS—LIMITATION OF TIME FOR CONTEST—FIVE YEARS FROM ISSUANCE OF CERTIFICATE.—Under the provisions of section 3499 of the Political Code, as amended March 13, 1911, the superior court is divested of jurisdiction to hear and determine a contest for state lands, unless such contest shall be filed, heard, determined, referred or allowed, within five years from and after the date on which such certificate of purchase may have been issued.

ID.—CODE AMENDMENT RETROACTIVE.—The provisions of section 3499 of Political Code as amended in 1911 are expressly made applicable to all cases; and there is a clearly expressed intention that that section should act retroactively, and bar all previously issued certificates unless heard and determined within five years from the date of the issuance of the certificate. The mere application to purchase, without payment of money, vests no rights in the applicant, and that section cannot be said to impair the obligation of any contract, or to be destructive of any vested rights or interests.

ID.—WANT OF JURISDICTION OF SUPERIOR COURT—PROHIBITION—REMEDY BY APPEAL—ADEQUACY—DISCRETION OF PROHIBITING COURT.—Since the superior court is divested of jurisdiction to hear and determine a contest of a certificate of purchase after the lapse of five years from its date, a writ of prohibition will lie to restrain it from exercising such jurisdiction, notwithstanding a possible remedy by appeal from its judgment without jurisdiction. The question whether such remedy is adequate is matter within the sound discretion of the court granting the writ.

APPLICATION for writ of prohibition to the Superior Court of the County of Kern.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Miles Wallace, and L. L. Cory, for Petitioner.

F. A. Stephenson, Alfred Daggett, Frank Kauke, and T. M. McNamara, for Respondents.

J. R. Dorsey, Geo. E. Whitaker, and T. N. Harvey, for Robert L. Perry, Party in Interest.

Hatch, Lloyd & Hunt, *Amici Curiae.*

ALLEN, P. J.—It appears from the verified petition filed herein that on the third day of October, 1901, the register of the state land office at Visalia, upon the payment of twenty per cent of the purchase price and interest, issued to one Samuel Brown a certificate of purchase for a certain section of school land then owned by the state and subject to sale; that on the day ensuing Brown transferred and set over said certificate to petitioner; that said certificate was duly recorded; that petitioner has made payment in full to the state for said land and all interest, taxes and costs of every kind, nature and description; that thereafter on October 6, 1910, one Kerr filed his application with the surveyor general, contesting the application of said Brown to purchase the said land, with a demand that the conflicting claims be referred for adjudication; that on the same day an order was entered by the surveyor general referring the contest of Kerr and Brown to the superior court of Kern county for trial and adjudication; that on November 3d Robert L. Perry made application to purchase the north half of said section, contesting also the purchase rights of Brown; that on November 10th one Spencer made application to purchase the north half of said section. That neither said Kerr nor said Brown, within sixty days after the order of reference, commenced any action in the superior court of Kern county with reference to said adjudication; that on December 7, 1910, one Chittenden filed his application for the purchase of the whole of said section, contesting the rights of all parties before named, and asking that the conflicting claims be referred to the superior court; that on December 7, 1910, after the filing of such application by said Chittenden, Kerr filed his application to purchase all

of said section, together also with another contest and protest against the application of Brown; that on December 31, 1910, one Charles Smithwick filed his application for the purchase of the south half of said section. That on the thirteenth day of January, 1911, an order was made by the said state surveyor general and the register of the state land office, as follows: "It is therefore ordered and directed, that the contest as set forth between the above-named R. D. Chittenden and Samuel Brown, be and the same is hereby referred, together with the conflicting claims of John P. Kerr, Robert L. Perry, Richard V. Dorsey, Charles Smithwick and Emmet L. Spencer, and of each of them, to the Superior Court in and for the County of Kern, State of California, for adjudication." That none of the applications of contesting claimants have ever been allowed or approved in any manner by the surveyor general, and that neither of said parties has paid any portion of the purchase price of the land referred to; that thereafter, on February 21, 1911, an action was commenced in the superior court of Kern county by Emmet L. Spencer against Brown and the other claimants, based upon the order of reference above referred to, praying for an adjudication that the application of said Brown be held illegal and void, and that the certificate of purchase so assigned and held by petitioner be likewise held illegal and void, and that Spencer's application be adjudged and declared a valid application for the purchase of said land; that thereafter petitioner demurred to the complaint and moved to dismiss said action upon the ground that the court had no jurisdiction to hear and determine the same, which said demurrer and motion to dismiss were overruled and denied. It is averred that the said superior court intends to and will, unless restrained by this writ of prohibition, proceed to the trial of said action and thus impose upon petitioner great costs and expense in the defense thereof; that the court has been divested of jurisdiction to hear and determine said action; that petitioner is a laboring man without means, and in order to properly present his defense it will be necessary, at great expense, to bring witnesses from a distance; that such trial will occupy many days or weeks, at much expense; that said land is of little value, except for the oil which it contains and such value is problematical; and accordingly this writ of prohibition is prayed for.

It is contended by petitioner that, notwithstanding the provisions of the constitution of this state, which provides that "lands belonging to this state, which are suitable for cultivation, shall be granted only to actual settlers, and in quantities not exceeding three hundred and twenty acres to each settler, under such conditions as shall be prescribed by law," the issuance of the certificate to Brown for six hundred and forty acres was an adjudication by a competent authority that the lands involved were not suitable for cultivation. This upon the assumption that a public officer performs his duty, and *prima facie* the lands were subject to sale in quantities exceeding three hundred and twenty acres in area, and, further, that the action sought to be maintained upon the order of reference was not brought within the time provided by statute; and, further, that under section 3499 of the Political Code, as amended March 13, 1911, [Stats. 1911, p. 345], the court is divested of jurisdiction to hear and determine the contest, or adjudicate with reference to said lands. This section as amended in terms provides that no contests of the character here mentioned, or made under any section of the code, "of any location or application to purchase any state school lands which have heretofore been, or shall hereafter be made and filed with the surveyor general or register of the state land office, or of any order of approval made thereof, or of any certificate of purchase issued thereon or pursuant thereto by such surveyor general or register, shall be filed, heard, determined, referred or allowed, unless such contest shall have been or shall be so filed, heard, determined, referred or allowed as provided in said sections of this code, within five years from and after the date on which such certificate of purchase may have been issued." Section 3495 of the Political Code specifies the matters and things which must be set forth and established by one desiring to purchase lands of the state, as a condition precedent to the issuance of a certificate of purchase, among which it is required that it must be made to appear whether or not the land is suitable for cultivation, upon the filing of which proof depends the right of the officers to issue the certificate of purchase for an amount of land in excess of three hundred and twenty acres. "The presumptions that the law has been obeyed, that the first applicant is innocent of the crime of perjury, and that official duty has

been properly performed, come to the aid of the defendant. In the absence of controverting proof these presumptions will prevail. The certificate is made *prima facie* evidence of title in the holder.'' (*Bieber* v. *Lambert,* 152 Cal. 564, [93 Pac. 97].) While these presumptions may be overcome by proving that the facts are otherwise, it is nevertheless necessary in order to admit such proof that a contest must be initiated, a reference made and a court with jurisdiction to hear and determine the controversy. Prior to the act of 1911 above referred to, it was not necessary that a .contestant should show any right in himself to purchase, nor connect himself with any claim to the land. (*Garfield* v. *Wilson,* 74 Cal. 175, [15 Pac. 620].) Nor was there a limitation of time within which the contest should be inaugurated, or the action tried and determined. ''The jurisdiction of the superior court in actions begun in pursuance to a reference to it of a contest arising in the surveyor general's office over the right to purchase state land is special and limited. It is derived solely from the provisions of the Political Code relating to such contests. The sole object to be achieved by the trial before the superior court is a determination of the question of the rights of the two parties between whom the contest arose in the surveyor general's office to purchase the particular tract of land in question.'' (*Youle* v. *Thomas,* 146 Cal. 541, [80 Pac. 715].) This right of contest is by the plain terms of section 3499, as amended, restricted to a period of five years after the issuance of the certificate, and by said section the determination of the questions presented under the order of reference is restricted to contests commenced within such period. If, then, section 3499 is to be construed as operating retroactively, the court was by force of such act divested of jurisdiction to further hear or determine the contest so sought to be initiated. As said by our supreme court in *Baird* v. *Monroe,* 150 Cal. 565, [89 Pac. 354], in construing the retroactive character of a statute under the rule that such effect should not be given unless the legislative intention that it shall so operate is clearly apparent: ''It is impossible to read carefully the statute in question, however, without coming to the conclusion that it was intended to so operate.'' It will be observed that the section here under consideration not only restricts the right of contest, the filing thereof and the reference, but

makes the same applicable to all cases, unless such contest shall have been or shall be ''determined within five years from and after the date on which such certificate of purchase may have been issued.'' We think that here is a clearly expressed intention that this section should act retroactively, and the effect of which in the case at bar could only be to divest the superior court of Kern county of all jurisdiction to hear and determine the controversy between the parties. This statute was intended to settle all disputes as to the validity of the purchase after the expiration of five years, and to render as conclusive the presumption attaching to the issuance of the certificate in the first instance. The mere application to purchase without payment of money vests no rights in such applicant, and such section cannot be said to impair the obligations of any contract or to be destructive of any vested rights or interests.

It is insisted, however, by respondents that, assuming everything hereinbefore said to be the law, nevertheless prohibition will not lie because the right of appeal from any decision made by the court is speedy and adequate. The solution of this question is not without difficulty. An apparent conflict seems to exist in this state as to the right to the writ where an appeal will lie, and it has been determined in *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765], that it is not sufficient ground for intervention by prohibition that the trial be expensive and troublesome. This rule, however, to a certain extent, has been modified in instances where costs necessary in the prosecution of the case would have to be incurred which could not be included in a bill therefor, and in *Hayne* v. *Justice's Court,* 82 Cal. 284, [16 Am. St. Rep. 114, 23 Pac. 125], it is said: ''A court that proceeds in the trial of a cause against the express prohibition of a statute is exceeding its jurisdiction, and may be prevented from doing so by prohibition from this court.'' This authority is approved in *Clide* v. *Superior Court,* 147 Cal. 28, [81 Pac. 225], and it seems to us that it is proper to grant the writ in instances where it is evident from the record that any order or judgment made by the court would be ineffective. Mr. Justice Shaw in his concurring opinion in the case last cited says: ''The question whether or not the remedy by appeal is adequate is, even in cases where jurisdiction is plainly lacking, a matter resting in

the sound discretion of this court upon the particular circumstances of each case.'' The authority, then, to grant the writ in this case seems to us to be warranted under such discretionary power. It were idle for this petitioner to be required, at large costs and expense upon a trial, to establish that which must be conclusively presumed. That the trial court in this instance has overruled the demurrer, has denied the motion to dismiss, and has assumed jurisdiction in a case wherein we think it has been divested of jurisdiction, we regard as presenting a proper case in which, in the exercise of our discretion, to direct the issuance of the writ of prohibition.

The writ is, therefore, ordered as prayed for.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1912.