[Civ. No. 6504.   Second Appellate District, Division Two.—February 20, 1931.]

MRS. PEARL E. ROBINSON, Respondent, v. SOUTH-
LAND PRODUCE COMPANY (a Corporation) et al.,
Appellants.

W. J. Claassen and Kidd, Schell & Delamer for Appellants.

M. O. Graves, John C. Miles and Elon G. Galusha for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal by defendants Estrin and Garbus from an order made by the lower court vacating its previous order dismissing the action and also from the order granting plaintiff permission to file an amended complaint. The appeal on the ground last mentioned has been dismissed (98 Cal. App. 365 [276 Pac. 1036]).

Plaintiff filed her complaint in the court below claiming damages for alleged personal injuries against the Southland Produce Company and the Liberty Produce Company, corporations. An answer was filed by Liberty Produce Company, "a partnership", and "Nick Estrin and Phillip Garbus, doing business under the firm name and style of Liberty Produce Company", in which among other denials was one denying the alleged corporate existence of the Liberty Produce Company. At the trial plaintiff dismissed as to the Southland Produce Company, and, calling the court's attention to the answer of defendants, asked leave to amend by striking out the word "corporation" and inserting instead the word "partnership". This was objected to by counsel for the answering defendants, and after some argument and introduction of evidence on the question of ownership of the truck alleged to have collided with plaintiff, the following occurred: "The Court: You are not prepared to prove that this is a corporation? Mr. Graves: We take their denial that this is a corporation and rest on their statement that it is a partnership, and ask to amend, without going into the details. We took their statement and asked to amend by inserting the word 'partnership' in the place of 'corporation', and we hold that that is not an amendment which does the defendants any injustice, and therefore it is within the allowance of our code. The Court: I will have to deny the motion. Mr. Claassen: Your Honor, I move for a dismissal. The Court: I will have to grant the motion." A minute order was then made pursuant thereto dismissing the action. About twelve days thereafter plaintiff's attorney filed a notice of motion to set aside said order of dismissal on the grounds of "inadvertence and by reason of an oversight on the part of said court" and that the granting of the motion "was in excess of the jurisdiction of the court", as well as other grounds

not material here, and at the same time filed a notice of motion for permission to file an amended complaint. The motions came on for hearing December 26, 1928, and both were granted, whereupon defendants appealed.

Appellants contend that the court acted beyond its jurisdiction in vacating the order of dismissal. Respondent urges that the court may of its own motion modify or set aside an erroneous order, and apparently also urges that the action of the court in dismissing the action was mistakenly and inadvertently taken—that the court lacked jurisdiction and also abused its discretion. As authority for her first contention respondent cites the cases of *Ex parte Hartman*, 44 Cal. 32, *Loomis* v. *Andrews*, 49 Cal. 239, and *Domenigoni* v. *Imperial Live Stock etc. Co.*, 189 Cal. 367 [209 Pac. 36]. The first case arose under the Criminal Practice Act, prior to the adoption of the codes, when a court of general jurisdiction had complete control over a final judgment during the term (*Wiggin* v. *Superior Court*, 68 Cal. 398, 401 [9 Pac. 646]), and so the action of the court there during the term was within its general jurisdiction as well as in accordance with the provisions of the act. The other two cases cited are also not pertinent.

The rule in California since the adoption of the codes is well stated in the case of *Holtum* v. *Greif*, 144 Cal. 521, 524 [78 Pac. 11, 12], where the court says: ''The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the manner prescribed by statute. If they have been entered prematurely or by inadvertence, they may be set aside on a proper showing, and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth, but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion, its power is exhausted—it is *functus officio*.'' An examination of the record in the instant case shows that there was no mistake or inadvertence on the part of the court in the legal sense, and that the order of dismissal was the order intended to be made; and while the court may have erred in the use of its discretion, there is no abuse of it. The plaintiff asked leave to amend and the court denied the

motion. The plaintiff then could not prove the allegation in her complaint that the defendant Liberty Produce Company was a corporation, and so she could proceed no further with the trial under the circumstances. The court had jurisdiction under subdivisions 4 and 5 of section 581 of the Code of Civil Procedure to dismiss the action even though it erred in so doing, and its action is conclusive except on appeal or other direct attack authorized by the code. (*Cozad* v. *Raisch Imp. Co.*, 208 Cal. 496 [281 Pac. 1017].) The action of the court in our opinion being merely erroneous and not void, the motion to set aside the order of dismissal would seem to afford no basis for the order made. A motion for new trial would have done so, but it was not made; and while we are heartily in accord with the principle of determining each case on the merits if possible, we see no way to accomplish that here, as in our opinion the court had no jurisdiction to vacate the order of dismissal under the circumstances shown by the record.

Order reversed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 21, 1931.