[Civ. No. 10148.   Second Appellate District, Division Two.—April 5, 1935.]

FISCH & COMPANY, LTD. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Harry J. Miller and Theodore Weisman for Petitioner.

Everett W. Mattoon, County Counsel, and D. DeCoster, Deputy County Counsel, for Respondents.

SCOTT, J., *pro tem.*—Petitioner seeks a writ of mandate directed to respondents requiring them to take certain action desired by petitioner in case number 373593, filed by the latter as plaintiff in respondent court. The suit is against the Los Angeles Gas & Electric Corporation and the Department of Water and Power of the city of Los Angeles (hereinafter referred to for convenience as defendant city) for damages alleged to be due to their negligence in letting their respective high power electric lines drop and come in contact with power lines furnishing electricity to plaintiff, thereby causing a fire. When issue was joined and the trial commenced before respondent judge with a jury, plaintiff put on its case and at the conclusion thereof the gas and electric corporation moved for a nonsuit, which was granted on the ground that there was no evidence upon which said corporation could be held liable. The trial proceeded against defendant city, and several days later the court decided that the defendant gas and electric corporation was a necessary party to the case in order to effect a complete adjudication of the issues. The jury then engaged in trying

the case was discharged, permission to file an amended complaint identical with the original pleading was granted, with provision that an *alias* summons issue to bring back said corporation into the case, and it was then sent back to the calendar department of respondent court to be reset for trial when ready. An amended complaint was filed and summons was issued and served on defendant corporation. The latter served and filed a demurrer thereto and a notice of motion to vacate and set aside the order requiring defendant Los Angeles Gas & Electric Corporation to be made a party to the action and permitting the amended complaint, to strike same from the files as to said defendant and to quash summons. Upon hearing the said motions were granted. Petitioner, plaintiff in said action, asks that respondent court be required to assume jurisdiction as to said defendant gas and electric corporation and proceed to trial on the amended complaint.

When the order of nonsuit was entered by the clerk in the minutes pursuant to the order of the trial court, it was effective for all purposes and became a final judgment, even though it was not a judgment on the merits as contemplated by section 582 of the Code of Civil Procedure. (Code Civ. Proc., sec. 581; *Finch* v. *Ekstrom*, 115 Cal. App. 381 [1 Pac. (2d) 516]; *Burks* v. *Bronson*, 58 Cal. App. 143 [207 Pac. 1018]; *Leese* v. *Sherwood*, 21 Cal. 151.) While such a judgment is reviewable on appeal and also when inadvertently made may be set aside under section 473 of the Code of Civil Procedure, it is not subject to change by the trial court in the manner indicated by the record as presented to us. A judgment can be nullified by the court which rendered it only (1) on motion for a new trial, (2) by a motion under the provisions of section 473 of the Code of Civil Procedure, where application is made to set it aside within six months, (3) by motion therefor at any time where the judgment is void on its face, or (4) by an independent suit in equity, where the judgment is regular on its face but extrinsically void for want of jurisdiction or by reason of fraud or mistake. (*Benning* v. *Superior Court*, 34 Cal. App. 296 [167 Pac. 291]; *Estate of Soboslay*, 80 Cal. App. Dec. 19 [39 Pac. (2d) 871]; *Robinson* v. *Southland Produce Co.*, 112 Cal. App. 106

[296 Pac. 303].) The said judgment not having been properly set aside, an attempt to bring back defendant corporation into the case for the purpose of making it subject to a second judgment in the same case would be futile and purposeless, since any such second judgment would be a nullity under the authorities above cited.

We have further considered the final conclusion of the trial court to the effect that the amended complaint should be excluded and the summons quashed, and are satisfied that such latter order was correct, for the added reason that defendant Los Angeles Gas & Electric Corporation was not an essential party within the meaning of section 389 of the Code of Civil Procedure. (See *Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667 [284 Pac. 445], and cases therein cited.) While convenience might be served by having both defendants in court at the trial, it was not necessary. Petitioner had the right to sue them jointly or severally, and whether its claim here prevailed or was defeated as to defendant city, it was not thereby precluded from suing defendant corporation in another action. (*Fowden* v. *Pacific Coast Steamship Co.,* 149 Cal. 151, at page 157 [36 Pac. 178].)

While these proceedings transpired and until they were dismissed on a date subsequent to the filing of petition for writ of mandate in this court, there was on file in said action in respondent court a cross-complaint of defendant gas and electric corporation against defendant city, in which petitioner was not a party defendant. We find nothing in that aspect of the case upon which we could hold that the rule with reference to the finality of the judgment of nonsuit as above enunciated would in any manner or to any extent be thereby abrogated.

After motion for nonsuit was granted defendant corporation filed its cost bill, which respondent court has refused to strike from the file. Under the views above expressed we obviously should not accede to petitioner's request and require it to take such action.

The alternative writ is discharged and a peremptory writ denied.

Stephens, P. J., and Crail, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 3, 1935.