[Civ. No. 12491. Second Dist., Div. One.—July 1, 1941.]

RUTH A. HUBBARD REYNOLDS, Appellant, v. KING VIDOR et al., Respondents.

Davis & Thorne and Hallam Mathews for Appellant.

John S. Chapman and Ward Chapman for Respondents.

YORK, J.—The instant action is one for damage to real property occasioned by the alleged failure of a bulkhead and the consequent deposit upon plaintiff's land of silt and debris which was carried thereupon from the property of defendant Vidor by the heavy rains of March, 1938.

It appears from the record herein that upon the completion of the trial and oral argument on March 1, 1939, the cause was submitted and briefs were filed by both parties, and on June 5th the court ordered judgment for defendants. On June 9th, pursuant to notice of motion duly filed and served by plaintiff upon opposing counsel, the trial court made an order vacating and setting aside the submission of March 1st, and set the cause down for argument on June 28, 1939, upon the question of "act of God". On June 12th, counsel for defendants served and filed their affidavit in opposition to such motion. On June 26th, two days prior to the day set for such further argument, plaintiff substituted attorneys Davis and Thorne in the place and stead of counsel who represented her during the trial, and served notice thereof on defendants. On the same day, i. e., June 26th, the newly substituted counsel filed with the clerk of the court a formal dismissal of the cause without prejudice, and telephoned defendants' counsel of such action. On the day set for the argument on the question of "act of God", neither plaintiff nor her counsel appeared, whereupon the court made its order setting aside the order of June 9th (vacating the order of submission and reopening the cause for argument) and "re-entered judgment for defendants in accordance with the order of June 5th."

Thereafter, on July 6, 1939, upon motion of defendants, the court vacated and struck from the files the dismissal filed by plaintiff on June 26th and again entered judgment in favor of defendants.

Plaintiff prosecutes this appeal from the judgment of July 6, 1939, contending:

"1. A party may dismiss his actions without prejudice at any time before final submission for judgment of the trial court, there being no cross-demand of defendant, and such trial court thereby loses jurisdiction.

"2. A trial court setting aside a dismissal entered by plaintiff before final submission acts beyond its jurisdiction.

"3. Act of God to be a defense must be without human intervention.

"4. A judgment is not supported by the findings of fact where such purported findings are in reality conclusions of law, or where no findings appear on material issues."

It is respondents' position that "in view of the unqualified representations that the case was sought to be reopened for the single limited purpose of arguing the question of 'act of God', the order must be construed as setting aside the submission for that limited purpose, and certainly not as a means of depriving defendants of the fruits of their victory after a completed trial." Respondents also accuse appellant of having connived with her counsel to circumvent formal entry of judgment by persuading the court to set aside the submission for the purpose of further argument, whereas the true purpose was to enable her to file with the clerk a dismissal of the action. In this regard, it should not be overlooked that there was of record the order of the trial court that "the order of submission of this cause heretofore entered is hereby vacated and set aside and said cause now set down for argument upon the question of 'act of God' for June 28, 1939", on the day that attorneys Davis and Thorne were substituted into the case and filed the dismissal. Moreover, the affidavit of Lester G. Thorne filed herein avers that he first met appellant on the morning of June 26, 1939, a conference having been arranged between them by appellant's husband, and that prior to said conference, said attorney had not "talked to either of the attorneys representing the Plaintiff and in fact, has never met or ever talked to Mr. Harry Sutton, one of the attorneys for the Plaintiff, and though well acquainted with his associate, Mr. J. J. Craig, has not met him or conversed with him for a period of at least ten years prior to June 26, 1939. . . . That said dismissal was made

and filed on behalf of Plaintiff in good faith, believing that said procedure was for her best interest under the facts and law of said case and considering the legal status of her position at the time said dismissal was filed. That neither the affiant nor anyone in the office of affiant had any knowledge that the above case even existed as a matter of fact until the morning of June 26, 1939, when he met the Plaintiff for the first time.''

In connection with appellant's first point, it is provided by subdivision 1 of section 581 of the Code of Civil Procedure that ''An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff, by written request to the clerk, filed with the papers in the case . . . *at any time before the trial,* upon payment of the costs . . . provided that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant.'' (Italics ours.)

The words ''before the trial'' have been construed as ''meaning 'before submission' of the case. A plaintiff, therefore, may dismiss his case at any time before its final submission, but not afterwards, unless the order of submission is set aside.'' (9 Cal. Jur. 510, citing numerous authorities, including *Westbay* v. *Gray,* 116 Cal. 660 [48 Pac. 800].)

In *Westbay* v. *Gray, supra,* the action had been tried and submitted, but the order of submission had been set aside and leave given to amend the pleadings. It was there held at page 667: ''It stood, therefore, as though no submission had ever been had. Under these circumstances, the plaintiff had the right to apply for and the court had a right to grant the dismissal.''

In *King* v. *Superior Court,* 12 Cal. App. (2d) 501 [56 Pac. (2d) 268], the trial was concluded and the case submitted on November 18, 1935. At that time the trial judge announced his decision for defendant and directed his counsel to prepare findings of fact and conclusions of law. Before these were served or filed, plaintiffs' counsel filed a notice of motion to reopen the case for the purpose of receiving further evidence, and hearing further argument, to the granting of which defendant filed objections. Upon hearing, said motion was granted and the case set for further hearing on December 17, 1935. The trial court was otherwise engaged on December 17th, and the case was heard on December 24, 1935, at

which time a witness produced by plaintiffs testified in accordance with a summary of evidence set forth in one of the affidavits attached to the notice of motion. At the conclusion of his direct examination counsel for plaintiffs filed a dismissal of the action without prejudice which was dated December 24, 1935. Thereafter, on December 30, 1935, counsel for defendant filed notice of motion to vacate and set aside the purported dismissal and to enter judgment in favor of defendant on the merits. This latter motion was granted and counsel for defendant instructed to prepare findings of fact and conclusions of law preparatory to the entry of judgment in his favor. Plaintiffs sought by a petition in *certiorari* a review of the order vacating the order of submission and by a petition in prohibition to restrain the court from proceeding further with a trial of the action. Said writs were granted, the court holding as follows: ''The order of submission having been vacated generally and not specifically, it having been understood that any new evidence available to either party might be offered, and that the case might be reargued should counsel so desire, it is clear that the dismissal was filed 'before the trial' as required by section 581 of the Code of Civil Procedure. As no other order of submission was made prior to the filing of the written order of dismissal with the clerk, that document was filed before the trial, and the filing was a matter of right under the provisions of section 581 of the Code of Civil Procedure and the cases already cited. The following cases support this conclusion: *Westbay* v. *Gray*, 116 Cal. 660 [48 Pac. 800]; *Jones* v. *Currier*, 65 Iowa 533 [22 N. W. 663]; *National Bank of Commerce* v. *Butler*, 163 Mo. App. 380 [143 S. W. 1117]; *Knight* v. *Illinois Central R. R.*, 180 Fed. 368; *Van Sant* v. *Wentworth*, 60 Ind. App. 591 [108 N. E. 975].

''A dismissal of an action has the effect of terminating it, and the rights of the parties as affected by that particular action are concluded as though the case had been determined on its merits, though it is not a bar to a new action. (Sec. 581, Code Civ. Proc.; 9 Cal. Jur. 524, and cases cited.)''

In the absence of a clear showing of bad faith on the part of appellant or her counsel, upon whose motion the submission was vacated and the cause reopened for further argument, and it appearing from the record herein that the order granting such motion was duly and regularly made upon notice

and hearing, the filing of the dismissal by appellant was a matter of right under section 581, *supra,* and the trial court had no further jurisdiction of the cause.

For the foregoing reasons, the judgment is reversed and the trial court is directed to enter a dismissal of said cause without prejudice.

Doran, J., and White J., concurred.

A petition for a rehearing was denied July 30, 1941, and respondents' petition for a hearing by the Supreme Court was denied August 28, 1941.