Filed 11/19/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BETTIE BLAUSER, | G063715 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2021-01207635) |
| ERIC J. DUBIN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Andre De La Cruz, Judge. Dismissed.

Law Offices of Janice M. Vinci and Janice Marie Vinci for Plaintiff and Appellant.

Dubin Law Firm, Eric J. Dubin; Law Office of J. Cha & Associates and Jessica Byulnim Cha for Defendants and Respondents.

\* \* \*

THE COURT:*

Appellant Bettie Blauser's notice of appeal references a purported judgment of dismissal. The purported judgment is a three-page unsigned minute order detailing the final day of a jury trial. Two consecutive entries near the end of the minute order state: "The Court GRANTS the motion for non-suit as set forth on the record and non-suit is entered as to the First Amended Complaint. [¶] Pursuant to the oral request by Cross-Complainant, the Court orders the First Amended Cross-Complaint dismissed without prejudice."

On August 5, 2024, this court invited the parties to brief appealability. The briefing order raised the concern that the trial court's order was not appealable. (See Code Civ. Proc., § 904.1, subd. (a).)[1] We also invited appellant to obtain a judgment of dismissal from the trial court so that this appeal might proceed as one prematurely taken from the judgment. (Cal. Rules of Court, rule 8.104(d)(2).)

Three months later, appellant filed in this court a "notice of entry of judgment or order." The "new" order attached to the notice of entry is the same December 13, 2023 minute order that was the basis of the notice of appeal. However, in an apparent attempt to address appealability concerns raised by this court, the trial court added its signature and the phrase "it is so ordered" to the end of the minute order.[2]

---

\* Before Goethals, Acting P. J., Sanchez, J., and Motoike, J.

[1] All statutory references are to the Code of Civil Procedure.

[2] A copy of the final paragraphs of the minute order and the court's signature is attached as an appendix to this opinion.

2

"The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal." (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) Regardless of whether a nonappealable order was subjectively intended by the trial court to be its last word, our court may not "decide an appeal from an order unless the order is one that is expressly made appealable by statute." (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 652 (*Meinhardt*).) *Meinhardt* illustrated the dangers of appellate courts (often with the best of intentions) bypassing appealability bright lines in favor of equitable, ad hoc determinations of whether a dispositive ruling is sufficiently final to be considered a "judgment." (*Id.* at pp. 654–657.)

Though now signed, the minute order is (still) not labeled as a "judgment" and it (still) does not purport to enter "judgment." (§ 577.) Nor does it order the "dismissal" of appellant's first amended complaint (though the cross-complaint was dismissed at the request of respondent). (§ 581d [a written, signed dismissal order "shall constitute" a judgment].)

Orders granting nonsuit motions are not among the appealable orders listed in section 904.1. "Although an order granting a nonsuit is nonappealable, an appeal can be taken from the subsequent judgment of nonsuit." (4 Cal.Jur.3d (2024) Appellate Review, § 58; see *Smith v. Roach* (1975) 53 Cal.App.3d 893, 895, fn. 1.) "[I]nsofar as the appeal purports to be from the minute order granting the motion for nonsuit, it is premature and must be dismissed." (*Bauer v. Jackson* (1971) 15 Cal.App.3d 358, 363, fn. 1.)

Appellant contends the signed version of the minute order is the functional equivalent of a judgment. The now signed order states, "[N]on-suit is entered as to the First Amended Complaint." Then, in the next sentence of the order, the court disposes of the remainder of the action by ordering the "First Amended Cross-Complaint dismissed without prejudice." Appellant

would have this court treat entry of "nonsuit" (combined with the dismissal of the cross-complaint) as entry of "judgment." But there are two major problems with this approach.

The first problem is the text of section 581c. "[T]he defendant . . . may move for a judgment of nonsuit. [¶] (b) . . . Despite the granting of the motion, no final judgment shall be entered prior to the termination of the action, but the final judgment in the action shall, in addition to any matters determined in the trial, award judgment as determined by the motion herein provided for. [¶] (c) If the motion is granted, unless the court in its order for judgment otherwise specifies, the judgment of nonsuit operates as an adjudication upon the merits." (*Ibid.*)

All three pertinent subdivisions of section 581c contemplate entry of a separate *judgment.* (See *Meinhardt, supra,* 16 Cal.5th at pp. 657–658 [insisting on a document identified as a "judgment" as trigger for appeal in administrative mandate proceedings; an "order" denying relief was not a substitute].) Section 581c nowhere equates "entry of nonsuit" to entry of judgment. (Cf. §581d ["dismissals . . . in the form of a written order signed by the court and filed in the action . . . shall constitute judgments"].) Consistent with other dispositive motions, section 581c envisages that a motion should be filed, the motion should be granted if it is worthy, and then a single final *judgment* should be entered once the action has been resolved in its entirety. (See, e.g., *Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 223 [an appeal can only be taken from entry of judgment; an "order granting summary judgment is not an appealable order"].)[3]

---

[3] Older case authorities decided under earlier incarnations of the Code of Civil Procedure, without the benefit of more recent case law requiring a signed judgment, are not persuasive authority. (See, e.g., *Fisch & Co., Ltd.*

Second, in the wake of *Meinhardt, supra*, 16 Cal.5th 643, we are loath to preserve an appeal merely because the circumstances suggest the trial court and parties thought a final judgment existed. It creates uncertainty and confusion when courts allow appellate jurisdiction to be manufactured out of spare parts. Parties and attorneys deserve clarity when it comes to entry of judgment. After all, a timely notice of appeal is also a "jurisdictional" prerequisite for litigants and the date of entry of judgment must be known to calculate the deadline. (See *Garg v. Garg* (2022) 82 Cal.App.5th 1036, 1044.)

Dismissing this appeal and requiring a new appeal to be filed once judgment is actually entered is inefficient — at least when this case is considered in isolation. But we publish this case to enhance systemic efficiency. Parties and attorneys should not fear that they are required to appeal immediately from an order granting a motion for nonsuit rather than a subsequent, signed, separately filed document labeled as a judgment or order of dismissal. (See *Meinhardt, supra*, 16 Cal.5th at p. 658 [a bright line rule is better because "uncertainty leaves parties guessing"].)[4]

---

*v. Superior Court* (1935) 6 Cal.App.2d 21, 23 ["When the order of nonsuit was entered by the clerk in the minutes pursuant to the order of the trial court, it was effective for all purposes and became a final judgment"].)

[4] Were this matter fully briefed before it was discovered that the record lacked an appealable judgment, the court might opt to save the appeal by compelling the trial court to enter judgment nunc pro tunc. (See *Dye v. Caterpillar, Inc.* (2011) 195 Cal.App.4th 1366, 1373, fn. 7 [in a situation where there was only an order granting a motion for judgment on the pleadings rather than a judgment, the court ordered "the trial court to enter, nunc pro tunc . . . a judgment dismissing the action" and treated the appeal as one taken from that judgment].) Here, we identified the appealability issue before the briefs were filed and then (to no avail) provided appellant ample

We urge trial courts that have made dispositive rulings in civil cases (including this particular trial court on remand) to take the time to enter a separate, signed document, clearly labeled as a "judgment" or "order of dismissal." We likewise urge parties in this situation to submit appropriate proposed judgments and to advocate for entry of a separate appealable judgment rather than allowing uncertainty to fester. Such an unambiguous judgment should not be combined with minutes from an ongoing trial, an order ruling on a motion, or a statement of decision. Such an unambiguous judgment should not include a lengthy recital of the history of the case, preliminary findings already made in a statement of decision, or other extraneous matter. We note there is an optional Judicial Council form, JUD-100, that could serve as the basis for a judgment in a civil case in the absence of a proposed judgment tailored to the case.

The appeal is dismissed, without prejudice to appellant filing a notice of appeal from the judgment once it is entered by the trial court. In that future appeal, appellant may (in the designation of the record) incorporate by reference the appellate record that was filed in this appeal. (Cal. Rules of Court, rule 8.147(b).) In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

time to fix the issue by procuring a judgment.

# Appendix

2:48 PM Court is in session, reported and out of the presence of the jury, with plaintiff(s), defendant(s) and counsel present as noted above.

The Court hears oral argument as to the motion for non-suit.

The Court GRANTS the motion for non-suit as set forth on the record and non-suit is entered as to the First Amended Complaint.

Pursuant to the oral request by Cross-Complainant, the Court orders the First Amended Cross-Complaint dismissed without prejudice.

2:54 PM In open court with plaintiff(s), defendant(s) and counsel present as noted above and jurors and alternate jurors present.

The Court reads discharge instructions to the jurors.

2:57 PM Jurors and alternate jurors are thanked and excused.

Pursuant to stipulation, exhibits are released in open court to submitting parties.

2:58 PM The Court is adjourned in this matter.

IT IS SO ORDERED

_____
Judge of the Superior Court

Date 11/1/2024

7